Gantt, J.
dissenting. In this case, the construction which was given to the covenant in question, was according to what appeared to be the obvious intention of the parties, as collected from the whole context of the several' instruments before me. On the part of the plaintiffs, it became necessary to introduce cercain letters of the defendant, Dr. Magill, to shew that he had returned the apprentice to the Orphan House, contrary to the covenant entered into by him. In these letters, the defendant states particularly the reasons why he could no longer consent that she should remain with him, and they go to shew very clearly that the apprentice had violated, on her part, the stipulations in the articles of apprenticeship entered into by her with the Commissioners, and assigned by them to Dr. Magill. Had there been the slightest evidence to shew that the defendant had been guilty of any neglect in the discharge of his duty as the master of the apprentice, I should have promptly decreed against-him, and from the possibility that this might have been the case, I thought it best to submit the matter to the jury, who better knew the parties than the presiding Judge, and could therefore better adjudge respecting the credit which should attach to the evidence offered. I thought that if the defendant was not in fault, but had used the necessary endeavours to fulfil his duty towards the apprentice, and that the improper conduct of the apprentice had alone put it out of his power, there was no reason why the plainxiffs should recover the stipulated damages. This opinion was fully expressed to the jury, who found for the defendant, and I can see no reason why the verdict should be set aside.